

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Verbejus v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1756

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Verbejus v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1013.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1013

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1756

_____

VYTAS VERBEJUS,

Petitioner

vs.

ALBERTO R. GONZALES,[*]
Attorney General of the United States,

Respondent.

_____

On Petition for Review of an Order of Removal
from the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A79-762-271)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 27, 2005

_____

Before: SCIRICA, Chief Judge, ALITO and GARTH, Circuit Judges

(Opinion Filed: June 15, 2005)

_____

OPINION

_____

_____

[*] Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

Garth, <u>Circuit</u> <u>Judge</u>:

Writing, as we do, only for the benefit of the parties, we recite only those facts essential to decide this appeal. Vytas Verbejus, a native and citizen of Lithuania, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider his deportation case. In so doing, Verbejus also challenges several aspects, both procedural and substantive, of the underlying deportation order, centering on the behavior of the Immigration Judge ("IJ") during his deportation proceeding. We are thus called upon to review the final order of deportation, as well as the order denying the motion to reconsider. These orders are independently reviewable final orders.

According to 8 U.S.C. § 1252(b), a petition for review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal." This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995). Moreover, the filing of a subsequent motion to reconsider a final order of deportation does not toll the 30-day period for seeking review of the underlying order and does not render the underlying order non-final. *Id.*; *see also Nocon v. INS*, 789 F.2d 1028, 1032-33 (3d Cir. 1986) (neither filing a motion to reopen nor motion to reconsider suspends the time for filing a petition for review of the underlying order). Here, the BIA issued the final order of removal on October 7, 2003, but Verbejus did not petition for review of this decision until March 19, 2004. He thus failed to file a timely petition for review of the BIA's order affirming the

IJ's decision. Rather, he petitioned for review of the BIA's March 1, 2004 decision denying his motion to reconsider. As noted, the filing of a motion to reconsider does not toll the 30-day limitations period. *See id.* We thus lack jurisdiction to reach Verbejus's challenges to the underlying deportation order denying his applications for relief from removal.

We nevertheless feel compelled to make known our disapproval of the IJ's conduct here, conduct which was adversarial, humiliating and hostile. While we appreciate the difficulties faced by immigration judges in asylum cases, and while we are satisfied that the petitioner's rights were not violated in this case, we remain mindful that there is a proper, principled, and professional way to conduct immigration proceedings. Although immigration judges have, as one of their primary functions, the determination of credibility, immigration judges would be well-advised, in future cases, to avoid even the appearance of prejudgment of the credibility of witnesses and the validity of a petitioner's claims.

We are left to determine only whether the BIA erred by denying the motion to reconsider. Denials of motions for reconsideration are reviewed for abuse of discretion. *See* 8 C.F.R. § 1003.2(a); *Nocon,* 789 F.2d at 1033 (reviewing the BIA's denial of a motion to reconsider for abuse of discretion.). A motion to reconsider, governed by 8 C.F.R. § 1003.2(b)(1), requires an applicant to "specify[] the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." The BIA here found

that Verbejus, in his motion to reconsider, merely reiterated the same arguments to the denial of his applications for relief from removal, thereby failing to state any specific legal or factual errors in the BIA's October 7, 2003 decision. Likewise, Verbejus advances no argument before us which would warrant overturning the BIA's denial of his motion. Accordingly, we hold that the BIA did not abuse its discretion in denying the motion to reconsider.

We will DENY the Petition for Review of the BIA's decision.